UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN COACHMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GATEWAY FOUNDATION, INC.,<br><br>　　　　Defendant. | No. 25 CV 2754<br><br>Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Kevin Coachman is blind and, in 2024, needed in-patient treatment for a substance use disorder. He sought that treatment from Gateway Foundation, but it refused to treat him because of his blindness. Coachman was eventually able to get treatment from another facility in Chicago, and now sues Gateway, alleging that Gateway discriminated against him because of his disability in violation of state and federal law. Gateway moves to dismiss Coachman's claims under Rules 12(b)(1) and 12(b)(6), citing the doctrines of standing, the Spending Clause, and federal preemption. For the reasons below, Gateway's motion to dismiss is granted for lack of jurisdiction.

**I.    Legal Standards**

"To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U. S. Bank N.A*, 590 U.S. 538, 540 (2020). A motion to dismiss under

Fed. R. Civ. P. 12(b)(1) is a facial attack on the complaint, contesting whether the allegations, taken as true, support standing. *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023).

**II.    Facts**

Kevin Coachman is a man in his sixties with several disabilities. [1] ¶¶ 7–9.[1] Coachman is blind with no light penetration, using a white and red cane to help him navigate his environment [1] ¶¶ 8, 41. In August 2024, Coachman went to the Chicago Behavioral Hospital for emergency in-patient treatment for depression and a substance use disorder. [1] ¶ 42. There, Coachman's social worker gave him a referral for in-patient treatment, identifying two organizations—South Suburban Council and Gateway Foundation. [1] ¶¶ 43–44.

Coachman called both providers the day before he was discharged from Chicago Behavioral Health. [1] ¶ 45. South Suburban Council refused to provide services to Coachman because they do not provide services to anyone who uses a cane. [1] ¶ 45. Gateway operates sixteen substance and alcohol-abuse treatment centers across Illinois, including three in Chicago. [1] ¶ 10. When Coachman called Gateway, a Gateway employee conducted an intake interview. [1] ¶ 46. During that interview, Coachman told the Gateway employee he was blind, and the employee suggested that Coachman call Gateway's Aurora location every Sunday to seek placement there. [1] ¶ 46. The Aurora location was suggested because it is a small, one-level facility with

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1].

2

no stairs, making it easier for someone with Coachman's disability to navigate. [1] ¶ 46.

Coachman repeatedly called the Aurora location over the next two and a half weeks, but it had no available beds. [1] ¶ 47. Eventually, a Gateway employee at the Aurora location suggested that Coachman call Gateway's Taylor Street location because that location should have easier access to an available bed. [1] ¶ 47. Coachman immediately called the Taylor Street location and was told that someone from Gateway would call him back. [1] ¶ 48. After two subsequent callbacks from a Gateway employee, Coachman was told that Gateway would not provide in-patient services to him because he was blind. [1] ¶¶ 49–50.

Coachman was informed that the decision to deny him services was made by a nurse, and he expressed his belief that he should not be denied services because of his disability. [1] ¶¶ 50–51. Upon his request, Coachman was transferred to the nurse who made the decision and, after he explained his disagreement with the decision to deny him services, the nurse hung up on him. [1] ¶ 52. Coachman then called the nurse's station back and reached a different nurse who reiterated the prior decision and hung up on him. [1] ¶ 53.

Coachman made further efforts to discuss the issue with Gateway, including through counsel, but Gateway did not respond to his requests. [1] ¶ 54. Concurrently with those efforts, Coachman continued to look for other locations that could provide in-patient services to him. [1] ¶ 55. In November 2024, Coachman was admitted to Haymarket Center, another facility that provides services for substance use

3

disorders. [1] ¶ 57. Gateway continues to deny in-patient services based on disability. [1] ¶ 59.

In March 2025, Coachman filed suit against Gateway in this court. [1]. His complaint seeks declaratory and injunctive relief and damages for violations of the Americans with Disabilities Act, the Rehabilitation Act, the Patient Protection and Affordable Care Act, and the Illinois Civil Rights Remedies Restoration Act. [1].

### III. Analysis

Coachman, as the party invoking federal jurisdiction, bears the burden of establishing all the elements of Article III standing "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). At this stage, that means the complaint must allege that he "has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

To seek injunctive relief for future conduct, when a plaintiff can establish past injury, he must "show that 'it is reasonable to infer from [his] complaint that this discriminatory treatment will continue'; and show that 'it is also reasonable to infer, based on the past frequency of [his] visits and the proximity of the public accommodation to [his] home, that [he] intends to return to the public accommodation in the future.'" *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)) (cleaned up).

4

"This is not to say that the possibility of future injury must be certain, but there must be at least a substantial risk that such harm will occur." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1019 (7th Cir. 2016). "Substantial risk" does not mean a very high probability. There is an injury to the plaintiff for the purposes of Article III "as long as there is some nonnegligible, nontheoretical, probability of harm that the plaintiff's suit if successful would redress." *Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*, 650 F.3d 652, 658 (7th Cir. 2011) (quoting *MainStreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 744 (7th Cir. 2007)). The test is "a question of plausible intent to return to the accommodation based on all the allegations and any inferences that follow." *Mosley v. Kohl's Dept. Stores, Inc.*, 942 F.3d 752, 759 (6th Cir. 2019).

The allegations in the complaint are too speculative to establish a substantial risk that Gateway will discriminate against Coachman again in the future. Coachman does not allege that—at the time the complaint was filed—he would avail himself of Gateway's services if the discrimination ceased. Making all inferences in Coachman's favor, the most I read the complaint to say is that, if Coachman needs substance-abuse treatment again, he would like to receive that treatment from Gateway. But Coachman does not have a continuing need for substance-abuse treatment, and he may never need such treatment in the future.

The allegations in the complaint are akin to those that were deemed inadequate in *Hummel*. There, the unknown odds that a litigant would need a courthouse parking spot on a snowy day did not pose a substantial risk of future

5

injury. *Hummel*, 817 F.3d at 1019. I can only speculate whether Coachman will need in-patient treatment for his previously treated substance use disorder. Coachman argues that his disorder is chronically relapsing, but the need for in-patient treatment is not supported by the allegations in the complaint and is a speculative leap even assuming a probability of relapse.

Gateway's alleged policy of refusing to treat blind patients is not enough to confer standing on Coachman, notwithstanding his past injury. In the cases cited by Coachman, each plaintiff demonstrated some likelihood of returning to the accommodation. *See Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004) (relying on the frequency with which plaintiff continued to attend the defendant theater); *Cutting v. Down E. Orthopedic Assocs., P.A.*, 278 F.Supp.3d 485, 495 (D. Me. 2017) (patient's history of care at facility supported a likelihood of her return); *Benavides v. Laredo Med. Ctr.*, No. CIV.A. L-08-105, 2009 WL 1755004, at *5 (S.D. Tex. June 18, 2009) (plaintiff pleaded facts indicating that he is likely to use defendant's hospital again in the future). No inference of return is reasonable on the complaint as alleged here.

Without an adequately alleged injury-in-fact, Coachman does not have standing to seek injunctive relief and the federal claims must be dismissed for lack of subject-matter jurisdiction. In this circuit, "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). I do not

6

reach Gateway's challenges to the constitutionality of the Illinois Civil Rights Remedies Restoration Act.

## IV. Conclusion

Gateway's motion to dismiss, [17], is granted. All claims in Coachman's complaint, [1], are dismissed without prejudice for lack of subject matter jurisdiction. Coachman has leave to file an amended complaint that cures the jurisdictional issue identified in this order. Any amended complaint is due by December 8, 2025. If no amended complaint is filed, the clerk will enter final judgment and terminate this case.

ENTER:

Manish S. Shah
United States District Judge

Date: November 14, 2025